Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Desmond Hardy*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

DESMOND HARDY,

        Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A,

        Defendant.

Case No.: 8:20-cv-00669

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227
2. RFDCPA, Cal. Civ. Code § 1788
3. Intrusion Upon Seclusion – Invasion of Privacy

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Desmond Hardy ("Plaintiff" or "Mr. Hardy"), through his attorneys, alleges the following against Defendant Capital One Bank (USA), N.A., ("Capital One" or "Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among

other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Jurisdiction of this Court also arises under 28 U.S.C. § 1332 because (1) the matter in controversy exceeds the sum or value of $75,000.00 and (2) Plaintiff and Defendant are citizens of different States.

6.  Supplemental jurisdiction of this Court also arises under 28 U.S. Code § 1367 as the State Law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.

7.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8.  Defendant transacts business here; therefore, personal jurisdiction is established.

## **PARTIES**

9.  Plaintiff is a natural person residing in California.

10. Plaintiff is a debtor as defined by Cal. Civ. Code § 1788.2(h).

11. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

12. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

13. Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. § 1788.2(f).

14. At all relevant times herein, Defendant Capital One, was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served serve with process through its agent,

Corporation Service Company, at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

16. Defendant is attempting to collect an alleged debt from Mr. Hardy.

17. In or around September 2019, Capital One began placing calls to Mr. Hardy's cellular phone number ending in 3746.

18. The calls placed by Defendant originated from (800) 955-6600. Upon information and belief, this number is owned or operated by Defendant.

19. On or about September 12, 2019, at approximately 12:30 p.m., Mr. Hardy answered a call from Defendant. Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

20. Defendant's representative informed Mr. Hardy that it was attempting to collect a debt.

21. During that call, Mr. Hardy explained that he was currently having financial troubles and that he could not make a payment. Mr. Hardy further requested that Defendant only communicate with him in writing.

22. Despite Mr. Hardy expressly revoking his consent to be called and that he was having financial difficulties, Defendant continued its harassing campaign of automated debt collection calls, even calling him three more times on that same day.

23. Between September 1, 2019 and October 30, 2019, Capital called Mr. Hardy approximately one hundred (100) times after he revoked consent to be called.

24. Defendant called Mr. Hardy every day, including on the weekends, and as many as six (6) times in one day.

25. Defendant even left numerous pre-recorded voicemails on Mr. Hardy's cellular phone.

26. Defendant's conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

27. As a result of Defendant's conduct, Mr. Hardy has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, anxiety, headaches, and frustration.

## <u>COUNT I</u>

### **(Violations of the TCPA, 47 U.S.C. § 227)**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA,

Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act,**

**CAL. CIV. CODE § 1788)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any

person in connection with the collection of the alleged debt; and

    ii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

33. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **COUNT III**

### **(Intrusion Upon Seclusion)**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes... upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability

to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite the request for Defendant to contact Plaintiff in writing only.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after requesting to be contacted in writing only constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and daily schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

//

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Desmond Hardy respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A., for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Declaratory judgment that Defendant violated the RFDCPA;

C. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

D. Actual damages pursuant to Cal. Civ. Code §1788.30(a) and § 1788.30(b);

E. Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code §1788.30(c);

F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

//

//

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.


RESPECTFULLY SUBMITTED,

Dated: April 6, 2020

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Desmond Hardy*